UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Miller Manufacturing Company, Inc., | Court File No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Wolltex, L.L.C., a forfeited Texas limited liability company, d/b/a Wolltex | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Miller Manufacturing Company, Inc. ("Miller"), by and through its undersigned counsel, for its Complaint herein against Defendant Wolltex, L.L.C., a forfeited Texas limited liability company doing business as Wolltex (collectively, "Wolltex" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action brought by Miller for: (1) infringement of U.S. Patent No. D650,534 (the "'534 Patent" or the "Asserted Patent"), under the Patent Act, 35 U.S.C. § 271, based on Defendant's unauthorized manufacture, use, offer for sale, sale in the United States, and/or importation into the United States of chicken nesting boxes shown herein (the "Accused Products"), and based at least on Defendant's conduct described above, which constitutes inducement and/or contribution to the sale and shipment of the Accused Products into the United States by others; and (2) infringement of Miller's trade dress rights arising under 15 U.S.C. § 1125(a) based at least on Defendant's conduct described above regarding the Accused Products.

2. Miller seeks an order of injunction, money damages, and other available remedies for Defendant's unlawful conduct and acts of infringement as described herein.

## PARTIES

3. Plaintiff Miller Manufacturing Company ("Miller") is a Minnesota corporation having its principal place of business located at 2910 Waters Road, Suite 150, Eagan, Minnesota 55121. Miller is a manufacturer and international distributor of farm, ranch, and pet products. Miller's products are sold through distributors that serve retailers of farm and ranch products in the United States, Canada, and in numerous countries around the world.

4. Wolltex is a former Texas limited liability company with a principal place of business at 10601 Clarence Dr. Ste. 250, Frisco, TX 75033-3867 USA with a forfeited limited liability company registration. Upon information and belief, Wolltex has never had a headquarters, nor any operations (let alone regular and continuous business operations), nor any other business presence in the state of Texas.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), under 28 U.S.C. § 1338 (patents), and under 15 U.S.C. § 1051, *et seq*. (trade dress infringement under the Lanham Act).

6. This Court has personal jurisdiction over Defendant in this action for at least the following reasons: Defendant is and has been directing advertisements and offers for sale of the Accused Product to Minnesota over www.amazon.com; Defendant is and has been soliciting orders of the Accused Product from Minnesotans over www.amazon.com; Defendant is and has been shipping Accused Products into Minnesota; and Defendant is and has been purposefully aiming systemic unlawful competitive conduct and activities at Miller, a Minnesota corporation.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

8. Miller is a Minnesota company, which, for over 80 years, has been the leader in creating, inventing, designing, manufacturing, and marketing supplies for farm, ranch, and pet use. Miller's products are primarily sold under the well-known brand names of Little Giant®, Hot-Shot®, Springer Magrath®, Double-Tuf®, Pet Lodge®, and API®, and appear in sales outlets across the nation.

9. Miller provides products under the Made In The USA designation from its main manufacturing plant in Glencoe, Minnesota.

10. The Asserted Patent, entitled "Poultry Nesting Box," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 13, 2011, and is valid and enforceable. Miller is the assignee and owner of the entire right, title and interest in the Asserted Patent and has the legal right to enforce the Asserted Patent, sue for infringement, and seek equitable relief and damages. Attached as Exhibit 1 is a true and correct copy of the Asserted Patent.

11. The following is an exemplary view of the protected design of the Asserted Patent:



12. Based on more than a decade of significant sales to the farm and ranch market with Miller's LITTLE GIANT® trademark, protectable product configuration trade dress is now associated with Miller's Poultry Nesting Box ("Miller's Trade Dress"). The unique combination of shapes, alignment, and accent elements in Miller's Poultry Nesting Box are not functional and

127447850v1

act as an independent source identifier for Miller. Together, these features make Miller's Trade Dress inherently distinctive.

13. Upon information and belief, Wolltex, LLC was a sham corporate shield for an individual named Alejandro Canales.

14. Upon information and belief, Wolltex functions as nothing more than a brand name used in connection with the marketing, advertising, offering for sale, and sale of Accused Products at the Amazon.com marketplace for the United States.

15. Upon information and belief, the sham corporate shield and brand name, Wolltex, has allowed Alejandro Canales a portal through which Amazon sales of the Accused Product can be achieved via Amazon's brand registry.

16. A search of business registration records with the Secretary of State in Texas revealed that Wolltex, LLC was registered in 2021 as a domestic limited liability corporation in Texas, with an address of 4330 Spectrum One, Apt. 5303, San Antonio, TX 78230, and with Alejandro Canales named as a Managing Member. Relevant business records are shown below and provided herewith as Exhibit 2.

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| Last Update | Name | | Title | | Address |
| April 19, 2021 | Alejandro Canales | | Managing Member | | 4330 Spectrum One, Apt 5303 San Antonio, TX 78230 USA |

17. That same year, in 2021, the WOLLTEX (Reg. No. 6417397) trademark was filed and registered with the USPTO to Alejandro Canales, located at 4330 Spectrum One, Apt. 5303, San Antonio, TX 78230. Relevant trademark information is shown below and provided herewith as Exhibit 3.

4



18. In April 2023, from its headquarters, principal place of business, and manufacturing plant(s) in Minnesota, Miller noticed advertisements and offers to sell the Accused Product via Amazon.com. Such advertisements and offers for sale are associated with Wolltex, as shown below and provided herewith as Exhibit 4:



https://www.amazon.com/gp/product/B0BFW9WBVV/ref=xx_dp_contrevecalc)

19. Soon thereafter, in May 2023, in response to an order placed from Minnesota, the Accused Products arrived to Lakeville, MN, having been shipped from 225 Infinity Drive NW, Charleston, TN. The label on the box, in which Accused Products were shipped, indicates that Wolltex is the seller and/or shipper, as shown below and provided herewith as Exhibit 5:



20. All design features of the Accused Product that arrived in Minnesota are substantially identical to the design of the Asserted Patent and to the features of Miller's Trade Dress, creating confusion with Miller's Trade Dress. These comparisons are shown below and provided herewith as Exhibit 6:

| Perspective View | Asserted Patent | Miller Nesting Box | Wolltex Accused Product |
|---|---|---|---|
| Front Perspective View | | | |
| Front Elevation View | | | |
| Right Side Elevation | | | |
| Left Side Elevation | | | |

127447850v1



21. At this time, Defendant continues its infringement and unlawful activity via Amazon.com and in other places, including Minnesota, via use, offers for sale, and sales in the United States, and importation into the United States of the Accused Products, among other things.

22. Upon information and belief, Defendant's activities induce others to infringe and/or contributorily infringe the Asserted Patent. Defendant's activities include inducing one or more Manufacturers (identified below) to offer for sale, sell, and/or ship the Accused Products into the United States, for example, to Defendant, for the distribution and sale of the Accused Product by Defendant to U.S. consumers. The infringing Manufacturers, include:

   i) Qingdao Weinier Animal Husbandry Machinery Co., Ltd. is a Chinese manufacturer of the Accused Products with an address of No. 25, Ronghai 2nd Road, Jihongtan Subdistrict, Qingdao, Shandong, China. *See* Exhibit 7.

   ii) Zhengzhou Muduoduo Livestock Equipment Co., Ltd. is a Chinese manufacturer of the Accused Products with an address of No. 1304, Times International Plaza, No. 68, Nongye Road, Zhengzhou, Henan, China. *See* Exhibit 8.

127447850v1

iii)   Ningbo Youzhi International Trade Co., Ltd. is a Chinese manufacturer of the Accused Products with an address of 7/f, Zhongji Building, No. 666 South Tiantong Road, Ningbo, Zhejiang, China. *See* Exhibit 9.

iv)   Dezhou Tuoyun Farming Equipment Co., Ltd. is a Chinese manufacturer of the Accused Products with an address of No. 104, Building 7, Northeast City Comprehensive Trade City, Dezhou, Shandong, China. See Exhibit 10.

v)   Longmu Animal Husbandry Technology (cangzhou) Co., Ltd. is a Chinese manufacturer of the Accused Products with an address of 21-905 Baiheshijia, Cangzhou, Hebei, China. *See* Exhibit 11.

vi)   Cangzhou Phoenix Breeding Equipment Co., Ltd. is a Chinese manufacturer of the Accused Products with an address of Cuizhuang Village, Litianmu Huizu Township, Cangzhou, Hebei, China. *See* Exhibit 12.

23.   The above referenced Chinese manufacturers are referred to herein as the "Manufacturers." Each Manufacturer offers for sale, sells, and ships the Accused Products into the United States, constituting direct infringement of the Asserted Patent.

24.   Via [Alibaba.com](Alibaba.com), each Manufacturer offers for sale Accused Products that are substantially identical to the Accused Products offered for sale and sold by Defendant via Amazon.com. *See* Exhibits 4 and 7-12.

## COUNT 1 – PATENT INFRINGEMENT

25.   Miller repeats and realleges the preceding paragraphs herein, as if fully set forth in this section.

26.   Upon information and belief, Defendant has made, used, sold, offered for sale, and/or imported the Accused Product in and/or into the United States and Defendant continues to make, use, sell, offer for sale, and/or import the Accused Product in an/or into the United States.

9

These activities include inducing the Manufactures to sell and ship the Accused Products into the United States.

27. Defendant's infringement of the Asserted Patent has been, and continues to be knowing, intentional, willful, wanton, and deliberate.

28. Defendant's infringement of the Asserted Patent has caused and will continue to cause damage to Miller for which Miller is entitled to compensation pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289.

29. Defendant's infringement of the Asserted Patent has caused and will continue to cause Miller immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Miller has no adequate remedy at law.

## COUNT 2 – TRADE DRESS INFRINGEMENT

30. Miller repeats and realleges the preceding paragraphs herein, as if fully set forth in this section.

31. Miller's Trade Dress is comprised of the features listed above, is inherently distinctive, is not functional, and has acquired secondary meaning in the minds of consumers.

32. Miller's Trade Dress is comprised of the unique combination of shapes, alignment, and accent elements that act as an independent source identifier for Miller and together make Miller's Trade Dress inherently distinctive.

33. Miller's Trade Dress is therefore protected under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. For more than a decade, Miller has used its inherently distinctive trade dress in interstate commerce in connection with the advertising, offer for sale, and sale of its chicken nesting products and services.

35. Defendant's unauthorized use in commerce of Miller's Trade Dress is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's products, and is likely to cause consumers to believe, contrary to fact, that Defendant's products are sold, authorized, endorsed, or sponsored by Miller, or that Defendant is in some way affiliated with or sponsored by Miller.

36. Defendant's conduct is therefore willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Miller.

37. As a direct and proximate result of Defendant's actions, Miller has suffered, and will continue to suffer, irreparable injury to its revenue, business, reputation, and goodwill, unless and until this Court enjoins Defendant's actions.

38. Miller's remedy at law is not adequate to compensate Miller for its injuries resulting from Defendant's adoption and use of the Accused Product. Miller is therefore entitled to entry of injunctive relief under 15 U.S.C. § 1116.

39. Defendant has caused Miller to suffer monetary damages in an amount to be proven at trial, and Miller is entitled to recovery of Defendant's profits attributable to Defendant's use of Miller's Trade Dress in commerce.

40. Because Defendant selected and used Miller's Trade Dress in an effort to trade on Miller's goodwill, Defendant's trade dress infringement is willful, and Miller is entitled to treble damages under 15 U.S.C. § 1117.

## DEMAND FOR RELIEF

**WHEREFORE,** Miller requests judgment against Defendant as follows:

1. Adjudging that Defendant has infringed the Asserted Patent, in violation of 35 U.S.C. § 271(a);

2. Adjudging that Defendant has infringed the Asserted Patent, in violation of 35 U.S.C. § 271(b);

3. Adjudging that Defendant has infringed Miller's Trade Dress, in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act);

4. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from:

   i. engaging in any activity that infringes the Asserted Patent;

   ii. engaging in any activity that infringes Miller's Trade Dress;

   iii. injuring Miller's business reputation and goodwill associated with the Asserted Patent or Miller's Trade Dress and from otherwise unfairly competing, directly or indirectly, with Miller;

   iv. inducing or contributing to infringement of the Asserted Patent;

   v. importing any product or good that infringes the Asserted Patent or Miller's Trade Dress;

   vi. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i)-(v).

5. Ordering Defendant to account and pay damages adequate to compensate Miller for Defendant's infringement of the Asserted Patent, including pre-judgment and post-judgment interest and costs from the date of first infringement of the Asserted Patent, pursuant to 35 U.S.C. § 284 and/or § 289 and/or any other basis appropriate under the law;

6. Ordering Defendant to account and pay damages adequate to compensate Miller for Defendant's infringement of Miller's Trade Dress, including pre-judgment and post-judgment interest and costs from the date of first infringement, pursuant to 15 U.S.C. § 1117 and/or any other basis appropriate under the law;

7. Ordering Defendant to account for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

8. Ordering that Defendant's infringement of the Asserted Patent has been intentional, knowing, willful, wanton, and deliberate and that damages against it be increased up to three times pursuant to 35 U.S.C. § 284 and/or any other basis appropriate under the law;

9. Declaring this case exceptional and awarding Miller its costs and reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117 and/or any other basis appropriate under the law;

10. Ordering Defendant to immediately cease all importation, distribution, promotion, sale, offer for sale, and/or use of any and all materials, including brochures and websites, that incorporate Miller's Trade Dress and/or infringe the Asserted Patent, and to immediately remove them from public access and view.

11. Awarding such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Miller respectfully demands a trial by jury of any and all issues so triable.

DATED: <u>May 31, 2023</u>　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By:　<u>*/s/ Kristine M. Boylan*</u>
　　　　　　　　　　　　　　　　　　Kristine M. Boylan (#0284634)
　　　　　　　　　　　　　　　　　　Taft Stettinius & Hollister LLP
　　　　　　　　　　　　　　　　　　2200 IDS Center 80 South Eighth Street
　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　(612) 977-8400
　　　　　　　　　　　　　　　　　　kboylan@taftlaw.com

　　　　　　　　　　　　　　　　　　***Attorney for Plaintiff Miller Manufacturing Company, Inc.***